UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHESTER LEE MARKS,**

      **Plaintiff,**

  v.                                **Civil Action 2:21-cv-905**
                                      **Judge Michael H. Watson**
                                      **Magistrate Judge Chelsey M. Vascura**

**3M CO.,**

      **Defendant.**


**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Chester Lee Marks, an Arizona resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 5.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).

## I.   BACKGROUND

Plaintiff commenced this action on March 3, 2021, by filing a Complaint, but failed to pay the filing fee or move for leave to proceed *in forma pauperis*. (ECF No. 1.) After the Court noted this deficiency, Plaintiff filed a motion for leave to proceed *in forma pauperis* on March 22, 2021, with an Amended Complaint attached. (ECF No. 5-1.)

The original Complaint caption names "3M Co., et al." as Defendants, but makes no mention of any Defendant other than 3M Co. (ECF No. 1.) Plaintiff alleges that he ordered the antibiotic drug Erythromycin from an unnamed online vendor on July 26, 2020. (*Id.* ¶ 7.) After he began taking Erythromycin, his "health changed for the worse," with Plaintiff allegedly suffering "weak[ness], skin bleeding, a lot of skin bump, dizziness, headache, coughing, itching, short of breath, and scratching." (*Id.*) Although the Complaint is unclear, it appears Plaintiff is contending that his symptoms were caused by contamination of the Erythromycin with per- and polyfluoroalkyl substances ("PFAS"). (*Id.* ¶ 8.) As relief, Plaintiff seeks $1.00 in compensatory damages, $1 million in punitive damages, court costs, and attorney's fees. (*Id.* ¶¶ 9–11.)

The Amended Complaint attached to Plaintiff's motion for leave to proceed *in forma pauperis* is substantively identical, except that as Defendants, Plaintiff names "3M Company Daikin" and "Daikin America Inc., et al." (ECF No. 5-1.) In neither the original nor the Amended Complaint does Plaintiff make any allegations in reference to any of the named Defendants, other than to allege that "Defendants, 3M Co. consist of foreign companies operating the United States of America. Their action has caused many human body weakness, infected with Per- and polyfluoroalkyl substances and damages to the bloodstream." (*Id.* ¶ 5.)

## II.   STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> * * *
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  See also Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

3

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.     ANALYSIS

Plaintiff has failed to state a claim upon which relief can be granted. At most, Plaintiff makes a generalized and conclusory allegation that 3M Co. has caused injury to many people via PFAS blood infection. This type of "naked assertion" devoid of "further factual enhancement" is insufficient. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Moreover, Plaintiff does not allege that any of the named Defendants were responsible for contamination of his Erythromycin. He therefore lacks standing to assert any claims against the Defendants. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (plaintiff must establish the "irreducible constitutional minimum" of standing by showing that he has "(1) suffered an injury in fact,

4

(2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.") (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)).

Finally, Plaintiff's claims are not properly venued in this District.  Plaintiff is an Arizona resident, and the receipts attached to his Complaints indicate the online vendor from whom he purchased the Erythromycin is located in Hampshire, England.  According to their websites, Defendant 3M Co. is headquartered in Minnesota, and Daikin America is headquartered in New York.  Neither is incorporated in Ohio.  Accordingly, this case bears no conceivable relationship to Ohio and should be dismissed for this additional reason.  *See* 28 U.S.C. § 1406(a); *Walton v. Jones*, No. 2:17-CV-13078-TGB, 2018 WL 4138926, at *2 (E.D. Mich. Aug. 29, 2018) (*sua sponte* dismissal under § 1406 was appropriate when even liberal construction of *pro se* plaintiff's pleadings revealed no relationship to the forum state) (collecting cases).

### IV. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).  Accordingly, it is further **RECOMMENDED** that Plaintiff's Motion to Appoint Counsel (ECF No. 7) be **DENIED AS MOOT**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE